## ESTATE OF JOHN BEDFORD.

### No. 5622—January, 1874.

SEAMAN'S ESTATE.—THE U. S. SHIPPING COMMISSIONER, under the Act of Congress creating his office (Statutes at Large, Title LIII, Chap. 3, p. 883) has a right only to take possession of such effects of a sailor, dying on a voyage to this port, as are on board ship. He cannot intermeddle with the estate or effects on shore, and is not, therefore, *ex officio* entitled to letters of administration.

Construing U. S. Statutes at Large, Title 53, Ch. 3, p. 883.

*J. F. Finn*, for Public Administrator.

*R. W. Hent*, for J. D. Stevenson.

Bedford was mate of the steamer Salinas, a sea-going vessel, and was drowned as the vessel was entering the harbor of San Francisco. The captain of the vessel delivered to J. D. Stevenson, U. S. Shipping Commissioner, all the effects Bedford had on board. He left some $300 in a bank in this city. It was for the purpose of drawing this money that administration was applied for. The Commissioner claimed that by the act of Congress creating his office, it is made his duty to take charge of all effects of seamen dying at sea while *en route* for this port, and turn the same over to the U. S. Circuit Court, and to enable him to perform that duty he is entitled to letters. This application is resisted by the Public Administrator, who claims that letters should issue to himself.

By the COURT: The act limits the jurisdiction of the Commissioner *to* effects found on board the vessel. It is

not the intention, spirit or scope of the act that the Commissioner take charge of property on shore. The one relates to maritime affairs, while the other is local, of which the State has entire control.

Letters granted to the Public Administrator.